IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **CONN CREDIT I, LP** § | |
| § | |
| § | |
| **Plaintiff,** § | |
| § | Civil Action No. 1:15-cv-7 |
| v. § | |
| § | |
| **SHERMAN ORIGINATOR III LLC,** § | |
| § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, CONN CREDIT I, LP files this Original Complaint against Defendant SHERMAN ORIGINATOR III LLC and in support thereof, respectfully shows the Court as follows:

### Parties

1.     Conn Credit I, LP, ("Conn's") is a Texas Limited Partnership which has principal place of business in The Woodlands, Montgomery County, Texas.

2.     Sherman Originator III LLC, is a Delaware limited liability company with its principal place of business upon information and belief in South Carolina ("Sherman"). Sherman does business in the State of Texas, and the causes of action against Sherman relate to Sherman's contact with Texas. Sherman can be served with process by serving its registered agent: Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, Delaware, 19808. Sherman has also agreed to accept service by certified mail to its address: "Sherman Originator

III LLC, In care of Sherman Capital Markets LLC, Attn: Jon Mazzoli; 200 Meeting Street, Suite 206, Charleston, South Carolina 29401."

## Jurisdiction

3.  This Court has diversity jurisdiction over this action under 28 U.S.C. §1332.  It is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

4.  Defendant Sherman does business in Texas because it has entered into contracts for business with Texas residents, and these Texas contracts form the basis of part of the causes of action in this Complaint.  Furthermore, Sherman unconditionally and irrevocably consented to submit to the exclusive jurisdiction of the federal district courts in Texas by written agreement.

## Venue

5.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that make up the basis of this Complaint occurred within this judicial district.

## Background Facts

6.  Plaintiff Conn's offered for sale a substantial amount of consumer loans that had been charged-off by Conn's ("Bulk Sale") and consumer loans that become charged off, on a monthly basis by Conn's ("Forward Flow"), through July, 2015 (collectively, the "Portfolio").  Conn's engaged a marketing agent to present and manage the sale of the Portfolio and to serve as loan sale advisor.  The marketing agent engaged in substantial marketing efforts to facilitate the sale of the Portfolio.

7.  On or around September 1, 2014, Conn's entered into negotiations with Sherman.  From September 5, 2014 through and including September 15, 2014 the parties and their respective

principals negotiated a Purchase and Sale Agreement ("PSA")  The PSA was entered into by Sherman and Conn's on September 15, 2014.

8.     Prior to entering into the PSA, Sherman reviewed and evaluated to its full satisfaction, the draft purchase and sale agreement provided as part of the negotiation process.  It also reviewed and evaluated the Accounts sold pursuant to the PSA.  After several rounds of negotiations agreed to the various terms, provisions, conditions limitations, waivers and disclaimers in the PSA.

9.     Among the various terms in the PSA is the obligation of Sherman to make payments upon delivery of accounts.  Such deliveries were to occur on a monthly basis.  Conn's was obligated to convey the computer files for "Delivery 3 (the "October Delivery") on November 13, 2014.  The Closing Date, as a result, for Delivery 3 was November 18, 2014.  On November 13, 2014, Conn's complied with its scheduled delivery obligation of the October Delivery.  Sherman, however, did not fund as required under the PSA on November 18, 2014.

10.    Section 10.1(c) of the PSA provides that no party may terminate the PSA with an effective date any earlier than May 20, 2015, and in any event, only with at least 60 days written notice to the other party.

11.    Starting on or around November 7, 2014 and continuing through November 18, 2014, through a series of oral and written communications to Conn's and its loan sale advisor, Sherman unambiguously communicated its refusal to comply with its October  Delivery payment obligations.  Sherman has declared through its agents and representatives that, in addition to not funding the October Delivery, it will not fund any other deliveries under the PSA.

12.    Failure to comply with its payment obligations is a breach of the PSA.

13. Sherman's failure to fulfill the terms of the PSA will cause damage to the value of the Portfolio and cause Conn's to incur substantial damages relating to the sale and/or collection of the Portfolio. Sherman's stated refusal to pay all amounts due and owing to Conn's will cause Conn's to be damaged in an amount within the jurisdictional limits of this Court.  Faced with these damages, Conn's has found it necessary to bring this lawsuit.

## Cause of Action – Breach of Contract

14. Conn's incorporates all previous paragraphs of this Complaint as if fully set forth herein. The PSA constitutes a valid, enforceable contract between Conn's and Sherman.  Sherman has breached the PSA by not closing on, or funding, the October Deliveries, through transmission of funds under the PSA to Beaumont, Jefferson County, Texas and its continued statements that it will not close or fund any other of the deliveries under the PSA.  Sherman's breach of contract has proximately caused Conn's to be damaged in an amount within the jurisdictional limits of this Court, for which it hereby sues.

15. All conditions precedent to Plaintiff's right of recovery under this cause of action have been performed or have occurred.  Alternatively, Conn's duty to perform all conditions precedent to Sherman's liability was waived and excused by Sherman's breach of the PSA.

## Cause of Action – Attorneys' Fees

16. Conn's incorporates all previous paragraphs of this Complaint as if fully set forth herein. As a result of Sherman's breach of contract, Conn's has found it necessary to retain the undersigned counsel to prosecute this case, and has agreed to pay all reasonable and necessary attorneys' fees and costs, for which it also sues.

17. Therefore, Conn's is entitled to recover reasonable attorneys' fees and costs from and against Sherman as provided by the written PSA and by TEX. CIV. PRAC. & REM. CODE ANN. §

38.001, plus an additional reasonable attorneys' fees should there be an appeal from judgment rendered by this Court.

18. All conditions precedent to bringing this action have been fulfilled, waived or excused.

## **Prayer**

19. **WHEREFORE,** Plaintiff Conn Credit I, LP respectfully requests that Sherman be ordered to pay Conn Credit I, LP:

    a. Actual damages, including special damages of lost profits, and/or diminution in value of its business accounts;

    b. Attorneys fees;

    c. Costs of Court;

    d. Prejudgment and postjudgment interest; and

    e. Such additional relief, general or special, at law or equity, to which Conn Credit I, LP may be justly entitled.

Dated: January 7, 2014

Respectfully submitted,

/s/ *J. Thad Heartfield*
J. Thad Heartfield
Texas State Bar No. 09346800
E-mail: thad@heartfieldlawfirm.com
M. Dru Montgomery
Texas State Bar No. 24010800
E-mail: dru@heartfieldlawfirm.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
(409) 866-3318 (Telephone)
(409) 866-5789 (Facsimile)

**COUNSEL FOR PLAINTIFF**