**From:**            Robert Bell <robert.bell@conns.com>
**Sent:**            Tuesday, July 22, 2014 2:16 PM
**To:**               Robin Ishmael; Andy Carlson
**Cc:**               'Clint Walton'
**Subject:**         trax
**Attachments:**     Executed Default Letter.pdf

Robin/Andy,

Sharing the letter we just received from Trax.

Robert F. Bell
Vice President and General Counsel
Conn's, Inc.
4055 Technology Forest Blvd., Suite 210
The Woodlands, TX 77381
Phone: 936-230-5890
Fax: 877-303-2445
Robert.Bell@conns.com



1

CONNS_SHE0011988

 **Storey** LAW GROUP

Edward A. Storey III
Suzanne V. Delaney
Christian J. Gendreau
Jamie L. Storey
Rosannie T. Morgan
John J. Schreiber
Tamara Wasserman

July 22, 2014

VIA ELECTRONIC MAIL (CLINT.WALTON@CONNS.COM)

c/o Conn Credit I, LP
Attn: Clint Walton, Chief Compliance Officer
4055 Technology Forest Blvd.
The Woodlands, Texas 77381

> RE: Purchase and Sale Agreement dated April 30, 2014 (the "Agreement")
> by and between Conn Credit I, LP and TF LoanCo III, LLC

Mr. Walton:

Please be advised that this firm represents TF LoanCo III, LLC (the "Buyer") with respect to the above-referenced Agreement.

This letter shall serve as written notice that Conn Credit I, LP (the "Seller") is in default of the above-reference Agreement. In particular, but without limitation, the Seller has breached the terms of the Agreement as follows:

a) Pursuant to Section 3.2 of the Agreement, the Seller was obligated to "provide all Account Documents in its possession to Buyer within 30 days following the applicable Closing Date". To date, Seller has failed to deliver all such Account Documents.

b) Pursuant to Section 4.1 of the Agreement, the Accounts sold by Seller were conveyed on a "servicing-released basis". It has come to Buyer's attention that Seller continues to service the Accounts and accept payment of Accounts at all Conns' stores. Such actions have been performed without the necessary authorization from Buyer and constitute a breach of the Agreement. Moreover, Seller's unauthorized servicing of Accounts potentially violates Federal and State regulations governing debt collection. Any violation would also constitute a breach of Section 8.5 of the Agreement.

c) Seller misrepresented the gross balance of the Accounts that were sold, including settled Accounts, Accounts subject to a structured settlement payment schedule, Accounts with pending life insurance claims filed by the Seller, and or payments for life insurance payments have already posted. Many of these Accounts are invalid and unenforceable, constituting a breach of Section 8.6 of the Agreement.

CONNS_SHE0011989

d) The Seller and Loan Sale Advisor represented to Buyer that the portfolio of Accounts had been "scrubbed" for deceased and bankrupt debtors prior to Closing. The Buyer relied on this representation and the result thereof. However, a preliminary review by Buyer has resulted in the discovery of a substantial number of Accounts involving either deceased or bankrupt debtors. In light of the foregoing, Buyer has requested, on multiple occasions, evidence from either the Seller or Loan Sale Advisor demonstrating that such Accounts were, in fact, "scrubbed". To date, Seller and Loan Sale Advisor have failed or refused to provide such evidence. Seller considers such failure an admission that the "scrubbing" process was not administered. If true, Seller's have intentionally and willfully misrepresented material facts regarding the Accounts. At a minimum, Seller's failure to deliver this evidence constitutes a breach of the Further Assurances obligations contained in Section 13.16.

The Buyer greatly values its relationship with Conns and desires nothing more than to close on the remaining Deliveries. However, the Seller's actions and omissions have severely impacted the economic viability of this transaction. These matters must be addressed and resolved before moving forward.

As you are aware, the Closing Date for the next quarterly Delivery is scheduled for July 30, 2014. However, unless the parties are able to come to an amicable resolution of the matters referenced above, Buyer may elect to terminate the Agreement in accordance with Section 10.3.

We hereby request the parties meet as soon as possible to discuss each of the matters referenced above. We look forward to developing a mutually acceptable resolution.

Thank you for your immediate attention to this matter. Do not hesitate to contact me if you have any questions or require additional information.

GOVERN YOURSELF ACCORDINGLY,
STOREY LAW GROUP, P.A.

Edward A. Storey III, Esq.
For the firm

cc:   c/o Conn Credit I, LP (*via electronic mail*)
Attn: Robert F. Bell, VP and General Counsel
4055 Technology Forest Blvd.
The Woodlands, Texas 77381
Fax: 877-303-2445
Email: Robert.Bell@conns.com

Bryan L. Brewer (*via electronic mail*)

Todd Mounts (*via electronic mail*)

CONNS_SHE0011990