| | |
|---|---|
| From: | Robin Ishmael <rishmael@garnetcapital.com> |
| Sent: | Tuesday, June 03, 2014 10:13 AM |
| To: | Robert Bell; David Dubois |
| Cc: | Andy Carlson |
| Subject: | RE: Trax - Issues - follow-up 1 of 2 |
| Attachments: | Sold with Active Flag (Bulk, F1 and F2) add'l detail.xlsx |

Below is a summary of what we discussed on the call and follow-up items.

---

**From:** Robin Ishmael
**Sent:** Thursday, May 29, 2014 5:03 PM
**To:** Robert Bell; David Dubois
**Cc:** Andy Carlson
**Subject:** Trax - Issues

I spoke with Todd Mounts from Trax this afternoon. He identified some issues that need to be addressed, the first of which you are aware of:

1- **Active Accounts on Sold Borrowers.** I had sent Todd the list earlier this week to use in talk-offs with borrowers. He has said that borrowers that have active accounts with Conn's will pay Conn's and not the charge-off that Trax purchased, that they didn't know about this and it affects their ability to collect. I asked him what his request was, and he said either (1) repurchase these accounts or (2) charge-off the others and put them in the flow. Either way the upshot is that Trax would only own accounts with borrowers that do not have active accounts still with Conn's.

Conn's is not interested in entertaining option #2. Conn's requested that Garnet provide the data on option #1 regarding balances and purchase price on the accounts in question. The attached file "Sold with Active Flag..." includes that information. There are 2,515 accounts that would be repurchased ($3,803,016.18 of the sold balances) for a repurchase amount of $254,778.03. The split out of Bulk vs. Flow-1 vs. Flow-2 is on the attached summary tab. This request is a "request" in that there is not a repurchase provision in the contract for this matter. Additionally, Trax has requested that these types of accounts be excluded from future flow deliveries.

Conn's will consider the request and provide a response.

2- **Prior SIFs.**
    a. Todd says they are getting "30+ calls per day" from borrowers telling the same story – they had a prior settlement offer from Conn's that they have fulfilled whereby they were required to pay a nominal amount for a number of months, followed by a large lump sum payment. I've been told that a JNR person has been in touch with Conn's about this and was told that the examples provided had "no notes in the system" about a SIF, implying that Conn's does not believe that they are SIFs. Todd believes that with the number of the same stories they are getting from inbound callers that these are in fact SIFs. He believes that if they try to say the borrower owes the balance, there will be lawsuits and that both Trax and Conn's will get into a mess.
    b. I asked Todd to forward me some examples. The email that I've forwarded is a chain of correspondence between the JNR personnel and Conn's personnel about a prior SIF. However I don't think it's an example of the situation Todd described. The email is about a SIF on 4/25 (after the Cutoff Date), and I





1

CONNS_SHE0010324

checked the settlement statement (Flow 2) and this SIF payment was in fact included in the credit provided to Trax on the settlement statement.

c. However any post-cutoff payments that are provided to Trax (whether before or after closing) need to have a flag noting if they are a SIF or PIF so that Trax doesn't continue to try to collect the balance. Can you append a SIF/PIF flag to the post-cutoff payments lists that have already been provided, and make a note to do so going forward when there are payment remittances or credits?

d. I asked Todd to send some other examples because what I can't tell right now is if this issue is limited to identifying post-cutoff SIFs or if there's a larger issue with SIFs not having been flagged in your system such that pre-cutoff SIFs did not get properly excluded from the sale population.

There is one clear issue here and a potential second issue.

The clear issue is that for any post-cutoff payment remittances, any of the payments that were SIFs need to be identified as such. The one example we have thus far is 395070730 & 395070731 from the email chain below. There is not an issue forwarding the SIF funds, but rather identifying that the account is SIF'd.

I will forward the settlement statements (for the Bulk closing and Flow-1/Flow-2) in a separate email due to file size. Each has a tab called "Post-Cutoff Cash Detail" that lists all of the post-cutoff payments that were remitted to Trax via a credit at closing (including the sample 395070730 & 395070731). Conn's needs to append a flag to this list of payments to denote whether each payment was a SIF, if applicable, so that Trax does not attempt to collect the remaining forgiven balance that remains after the settlement payment was applied. To the extent that Conn's has made additional post-closing remittances of direct payments, and SIFs therein need to be identified as well. Any SIFs on future payment remittances should be identified at the time of remittance.

The potential second issue is described in #2(a) above.

Garnet will request a list of these instances from Trax so that they can be researched individually. Conn's does not believe that there is a systemic problem with labelling SIFs in the system. Any SIFs that occurred prior to the Cutoff Date are repurchases, and any SIFs that occurred after the Cutoff Date are not (as the SIF funds get remitted to the buyer). However in either instance, the buyer needs to know when account is SIF'd so that additional collection attempts are not made.

3- **Evidence of Death for Deceased Borrowers.** Apparently they have requested that you accept an Accurint report to evidence a borrower death, and were told that that is not acceptable and that they must produce a copy of the physical certificate of death. They don't want to go the expense and time of getting the certificate of death because they already have the Accurint report. I'm not sure who at Conn's they have been discussing this with, but our opinion is that the Accurint report should be good enough evidence for borrower death. Please let me know if you agree.

Everyone on the call thought that it sounds reasonable to accept the Accurint report, but Conn's would like to see an example first in order to make the decision.

Garnet will request the sample from Trax and provide to Conn's for a decision.

4- **Mechanics of Repurchase Monies.** They want to know if we can basically have a running ledger of repurchase funds that you would otherwise owe them on agreed repurchases, but instead of actually transferring the funds to them, they would simply get a credit on the next flow settlement statement.

This was deemed acceptable to Conn's.

2

CONNS_SHE0010325

I decided to email this instead of calling so that you can read and digest this before we discuss. Please let me know when you would like to discuss. I am out tomorrow but back on Monday.

Thanks

Robin Ishmael
Managing Partner
Garnet Capital Advisors
914.630.8880

Click here to send me files securely

**From:** Todd Mounts [mailto:tmounts@traxcapital.com]
**Sent:** Thursday, May 29, 2014 3:50 PM
**To:** Robin Ishmael
**Subject:** FW: No. 297652 Payment Confirmation \\ Conn's Account #'s 395070730 & 395070731

See below.

Todd Mounts | EVP of Acquisitions
Trax Capital Management
200 S. Orange Ave 28th Floor
Orlando, FL 32801
Phone: 407-377-0565 Ext 718
Mobile: 407-808-3323



Trax Capital Management, LLC is not responsible for any recommendation, solicitation, offer or agreement of any information about any transaction, customer account or investment activity contained in this communication. The decision of whether to invest or engage in any transaction and the decision of whether any investment or transaction fits into appropriate portfolio structure remains the responsibility of the customer and/or its advisors. This e-mail and any files or attachments transmitted with it are intended only for the addressees named herein and may contain confidential and/or privileged material. If you are not the intended recipient of this e-mail, you are hereby notified that any review, retransmission, dissemination, distribution or copying or other use of, or taking of any action in reliance upon, this email and the information contained herein by persons or entities other than the intended recipient is strictly prohibited. If you received this e-mail in error, please notify the sender immediately and permanently delete the original copy and any copy of the e-mail, and any printout thereof. Nothing in this e-mail may be construed as legally binding agreements or contractual related obligations without executing legally binding documents. This e-mail may be part of settlement negotiations which are confidential.

**From:** John Morrisey [mailto:john.morrisey@jnrcollects.com]
**Sent:** Tuesday, May 27, 2014 3:43 PM
**To:** 'JP Hogan'; 'Jesse Camacho'; jennifer.orr@conns.com
**Cc:** 'Dox'; 'Brad Groden'; Todd Mounts
**Subject:** FW: No. 297652 Payment Confirmation \\ Conn's Account #'s 395070730 & 395070731

This one is claiming she has settled with Conn's? Thanks.

John Morrisey
JNR Adjustment Company, Inc.
PO Box 782107

3

CONNS_SHE0010326

Orlando, FL 32878

Physical: 12661 Challenger Parkway Ste: 200B
Orlando, FL 32826

Phone: 407-207-2345 X.1612
Toll: 866-812-2345 X. 1612
Fax: 407-207-5633

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

***This communication contains information that is confidential, proprietary in nature, and may also be work product privileged. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) or the person responsible for delivering it to the intended recipient(s), please note that any form of dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender and delete the original communication. Thank you for your cooperation.

**From:** reyrose69 [mailto:reyrose69@yahoo.com]
**Sent:** Tuesday, May 27, 2014 3:08 PM
**To:** fredy@jnrcollects.com
**Subject:** No. 297652 Payment Confirmation

This is the payment confirmation i received the day i went in to payoff the outstanding debt. I was told this was a settlement of the amount owed. Please confirm receipt of same. Sending other one also.

Rose Rey

Sent via the Samsung Galaxy S™III, an AT&T 4G LTE smartphone

-------- Original message --------
Subject:Payment Confirmation
From:customerservice@conns.com
To:reyrose69@yahoo.com
Cc:

Dear Valued Client/Customer,

Thank you for your recent payment request. This is to confirm your authorization for an electronic debit from your funding account payable to Conn Appliances, Inc. on Apr 25, 2014 at 16:04 PM for the following account that totals $552.59.

Account Number: ****0730
Confirmation Number: 193587074
Effective Date: Apr 25, 2014

4

CONNS_SHE0010327

Payment Amount: $552.59

The payment will be effective on Apr 25, 2014 or shortly thereafter. In the event your bank returns an attempted electronic ACH debit as unpaid, the ACH debit may be resubmitted up to two additional times. If after these resubmissions the payment is not received by Conn's, you agree to pay a fee for the returned ACH debit in an amount equal to the lesser of (a) the amount allowed by the state governing law for your account, or (b) the amount set forth below based on the state governing law for your account, together with other amounts you may owe under your account:

Texas: The lesser of (1) the amount of the minimum monthly payment due under your account, or (2) $15.00;

Louisiana: The lesser of (1) the amount of the minimum monthly payment due under your account, or (2) $25.00; or

Oklahoma: The amount of the minimum monthly payment due under your account or $25.00, whichever is less.

New Mexico: A returned processing fee of $30.

Arizona: Either $10 or the actual charge made to the Seller or holder by the depository institution for the return of the unpaid or dishonored instrument, whichever is greater.

In addition to the above fee, you may be charged a separate fee by your bank in the event your attempted ACH payment is returned to us unpaid. You agree to be responsible for payment of all bank fees incurred by your bank with respect to your bank account.

If you have any questions, concerns or require clarification regarding this correspondence, please call 800-511-5750.

The information transmitted herein is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you receive this email in error, please contact the sender immediately (either by replying to this email or by calling 914-909-1000) and promptly delete the material from your computer. No representation or warranty, expressed or implied, is made as to the accuracy or completeness of the information, and nothing contained herein is or shall be relied upon as a promise or representation, whether as to the past, the present or the future. Each recipient should conduct its own analysis and investigation of the information and bear the sole responsibility for determining its usefulness. The information is not an offer to buy or sell any security.

CONNS_SHE0010328